## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Robert M. Coote

March 1, 1990

Case No. (Law) 92993

By JUDGE JACK B. STEVENS

The Court has had this matter under advisement upon defendant's Motion to Dismiss the Rule issued against him to show cause why he should not be declared an habitual offender.

Defendant's Motion raises the issues of (1) whether his conviction on May 4, 1983, under the City of Falls Church Code for driving while intoxicated is invalid; (2) whether this proceeding is governed by Title 46.1 or Title 46.2, Code of Virginia (1950), as amended; and (3) if Title 46.2, whether convictions under Title 46.1 may be used as predicate offenses.

### 1. *The May 4, 1983, Conviction*

Under § 15.1-132, Code of Virginia (1950), as amended, a municipality may adopt an ordinance prohibiting and punishing driving while intoxicated subject to a limitation that the ordinance may not impose a lesser penalty than imposed by general law for a similar offense. By ordinance, the City of Falls Church amended its Code to adopt certain

portions of Va. Code Titles 46.1 and 18.2. *See* Falls Church City Code, Section 20-2.

Prior to 1982, under both Virginia Code § 18.2-270 and the Falls Church City Code § 20-2, a conviction for driving while intoxicated was punishable as a Class 2 misdemeanor. In 1982 the General Assembly amended Title 18.2 to make a conviction for driving while intoxicated punishable as a Class 1 misdemeanor. The City of Falls Church, however, did not amend its Code by ordinance to adopt this change. Instead, it relied on the incorporation by reference language of the ordinance to amend the ordinance with prospective changes to the Virginia Code. Such reliance would appear to be misplaced.

An Opinion of the Attorney General dated April 20, 1982, that appears directly in point is persuasive that the operable language of the Falls Church ordinance was not effective to adopt subsequent amendments to the Virginia Code merely by reference. That Opinion states, in pertinent part:

> I am of the opinion that local governing bodies may adopt statutes by reference and may also adopt statutory amendments by reference, provided the amendments to them are adopted subsequent to the statutory amendments. Conversely, an ordinance may not be adopted by reference to an existing statute if such ordinance also contains a provision to include future amendments by the legislature. The portion of the ordinance relating to future amendments would be invalid.

*Report of the Attorney General* (1981-1982), p. 272 at 273.

The Court therefore finds that defendant's May 4, 1983, conviction under the Falls Church City Code is invalid under § 15.1-132 because it did not provide a penalty equal to that mandated by State Code; that the failure is not saved by the attempt to incorporate by reference future amendments to the State Code into the City Ordinance; and that the conviction, being invalid, may not be counted as a predicate offense in an Habitual Offender proceeding no matter which version of the statute concerning Habitual Offenders is applied. *See* Section

46.1-387.2(3) and § 46.2-351(3) ("The offenses included . . . shall be deemed to include offenses under any *valid* . . . ordinance . . . .") *Emphasis added.*

## 2. *Law Applicable to the Proceedings*

The Court has considered the arguments of counsel concerning what law applies in the case at bar in light of the filing of this matter prior to October 1, 1989, the repeal of Title 46.1 as of October 1, 1989, the enactment of Title 46.2 effective October 1, 1989, and the hearing before this Court subsequent thereto.

Both sides contend that Title 46.2, Code of Virginia (1950), as amended, govern this matter; the Commonwealth contending that offenses under prior Code Title 46.1 may be considered as predicate offenses to a finding that Defendant is an Habitual Offender and the defendant contending that only offenses enumerated under § 46.2-351 may be utilized.

The Court is of the opinion that the question is governed by § 1-16, Code of Virginia (1950), as amended, which provides, in pertinent part:

> No new law shall be construed to repeal a former law, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture, or punishment incurred . . . or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred . . . save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings . . . .

Certainly the repeal of Title 46.1 was accomplished by a new law and, in the Court's opinion, was governed by § 1-16 above. As such, the Court finds that § 46.1-387.2 is the applicable statute and the other predicate offenses set forth in the information filed herein, violation of Section 18.2-266 on June 7, 1985, DWI; § 46.1-350 on May 31, 1988, Drive on Revoked License-ASAP; and § 18.2-266

152

on May 31, 1988, DWI-ASAP are sufficient to find the defendant an Habitual Offender thereunder.

Counsel for the Commonwealth will please draft an Order denying the defendant's Motion to Dismiss herein and finding the defendant to be an Habitual Offender, preserving all objections, and forward the same to Ms. Deneke for endorsement and presentment to the Court for entry.